# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 09-3239

_____

Douglas Voss; Elizabeth Voss;          *
Arthur Voss; E. Berniece Voss,         *
                                       *     Appeal from the United States
            Appellants,                *     District Court for the
                                       *     District of Minnesota.
      v.                               *
                                       *          **[UNPUBLISHED]**
Saint Martin Cooperative, et al.,      *
                                       *
            Appellees.                 *

_____

Submitted:  May 6, 2010
Filed:  May 25, 2010

_____

Before LOKEN, BYE, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

The Voss family, organic dairy farmers in rural Minnesota, commenced this damage action alleging that defendants' unlawful application of chemical pesticides on a neighboring farm caused the chemicals to drift and to damage the Vosses and their property.  Liberally construed, the pro se complaint alleged a federal cause of action for a labeling violation of the Federal Insecticide, Fungicide, and Rodenticide Act (FIFRA), 7 U.S.C. § 136 et seq., and a state law cause of action for violation of Minn. Stat. § 18B.07, subd. 2.  The district court dismissed the entire complaint without prejudice for lack of subject matter jurisdiction because "it is well-settled that FIFRA does not provide for a private right of action."

We agree that FIFRA does not provide a private right of action to farmers and others injured as a result of a manufacturer's violation of FIFRA's labeling requirements.  See Bates v. Dow Agrosciences, LLC, 544 U.S. 431, 448 (2005); No Spray Coalition, Inc. v. City of New York, 351 F.3d 602, 605 (2nd Cir. 2003); Cottrell, Ltd. v. Biotrol Intern., Inc., 191 F.3d 1248, 1255 (10th Cir. 1999) (FIFRA is exclusively enforced by EPA); Almond High School v. U.S. Dept. of Agriculture, 768 F.2d 1030, 1035 (9th Cir. 1985).  However, the Vosses expressly pleaded a cause of action arising under this federal statute.  Therefore, the district court erred in concluding it lacked subject matter jurisdiction.  In these circumstances, the appropriate disposition is to dismiss the federal claim for failure to state a claim upon which relief may be granted, see Fed. R. Civ. P. 12(b)(6), and to decline to exercise supplemental jurisdiction over the pendent state law claim, see 28 U.S.C. § 1367(c).

Accordingly, the district court is directed to enter an amended judgment providing that the federal claim for violation of FIFRA is dismissed with prejudice and the balance of the complaint is dismissed without prejudice.  As so modified, the judgment of the district court is affirmed.  See 8th Cir. R. 47B.

_____